# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARWIN MAURICE HERRING, SR.,   )
                            )
        Plaintiff,        )
                            )   Civil Action No. 3:22-cv-11
     vs.               )
                            )   District Judge Stephanie L. Haines
DET. ASHLEY DAY, *et al.*,       )   Magistrate Judge Kezia O.L. Taylor
                            )
        Defendants.     )

## MEMORANDUM ORDER

This is a civil rights case brought under 42 U.S.C. § 1983 by Darwin Maurice Herring, Sr. ("Plaintiff"), a prisoner incarcerated at SCI-Rockview, against Ashley Day, Christopher Moser, Richard Johnson, Amanda Brandt and the City of Altoona.  Day, Moser and Brandt are City of Altoona Police Officers.  This matter was referred to Magistrate Kezia O. L. Taylor for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

Plaintiff's claims primarily stem from his arrest on January 29, 2018, on thirteen state court charges, including, *inter alia*, kidnapping and robbery.  Plaintiff asserts that the charges were based on allegedly false accusations from Defendant Johnson.  The ensuing prosecution ultimately resulted in Plaintiff's acquittal by jury verdict on March 24, 2020.  Plaintiff's initial complaint was filed on April 6, 2022 [Doc. 7], and an amended complaint was filed on August 22, 2022 [Doc. 14].  Plaintiff's operative second amended complaint was filed on June 29, 2023 [Doc. 44], and asserts six claims: malicious prosecution against Day, Moser and Brandt in violation of the Fourth and Fourteenth Amendments (Count 1); § 1983 conspiracy against Day, Moser and Brandt (Count 2); § 1983 failure to intervene against Day, Moser and Brandt (Count 3); § 1983 municipal liability against the City of Altoona (Count 4); state law malicious prosecution against Day, Moser and

1

Brandt (Count 5); and, state law defamation against Johnson only (Count 6).[1]  In addition, a liberal construction of Plaintiff's second amended complaint might also be read to include § 1983 claims related to Plaintiff's 2020 arrest and subsequent conviction for multiple felony drug charges, for which he currently is serving a state sentence of 25 to 127 years.  That conviction currently is on direct appeal in the Superior Court of Pennsylvania.

Presently pending are separate motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants City of Altoona, Day, and Moser [Doc. 49] and by Defendant Brandt [Doc. 58].  Plaintiff has filed duplicate responses [Docs. 66 and 67], and the Defendants have filed a reply [Doc. 72].  On February 7, 2024, Judge Taylor issued a comprehensive Report and Recommendation ("R&R") [Doc. 73] recommending that both motions to dismiss be granted, and that the dismissal of any potential § 1983 claims liberally contained in the second amended complaint that would imply the invalidity of Plaintiff's 2020 conviction be dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).  Plaintiff was advised that he had fourteen days from the date of service of the R&R to file written objections.  *See* 28 U.S.C. § 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2.  To date, Plaintiff has not filed any objections to the R&R, and the time to do so has expired.

Upon review of the record and the Report and Recommendation under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Judge Taylor in this matter.

---

[1]  Johnson is not a moving defendant, and in fact has not filed an answer or otherwise responded to Plaintiff's second amended complaint.  Upon Plaintiff's request, a Clerk's entry of default as to Johnson was entered on February 20, 2024 [Doc. 75].

Judge Taylor has recommended that both motions to dismiss be granted and sets forth her rationale for that recommendation in a thorough and well-reasoned R&R. Initially, Judge Taylor correctly determined that the applicable two-year statute of limitations for § 1983 claims, *see Smith v. City of Pittsburgh*, 764 F.2d 188, 194 (3d Cir. 1985), bars any claim raised in Plaintiff's second amended complaint that accrued prior to January 26, 2020. Plaintiff concedes as much [Doc. 67]. Accordingly, this Court agrees with Judge Taylor that Plaintiff's constitutional and state law malicious prosecution claims (Counts 1 and 5), which accrued upon Plaintiff's acquittal on March 24, 2020, are the only claims raised in the second amended complaint that are not time-barred.

The Court likewise agrees with Judge Taylor's determination that Plaintiff has failed to state a plausible claim for malicious prosecution under either § 1983 or Pennsylvania state law. Judge Taylor extensively analyzed Plaintiff's malicious prosecution claims in the R&R [Doc. 73 pp. 9-19], and this Court concurs in whole with her analysis for the reasons set forth in the R&R with nothing to be added. Accordingly, Counts 1 and 5 will be dismissed under Rule 12(b)(6) for failure to state claim upon which relief can be granted.

Next, although not asserted in a separate count, Judge Taylor, appropriately construing Plaintiff's complaint liberally, *see Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003), nevertheless addressed Plaintiff's allegations regarding the fabrication or concealment of evidence, and reasonably found that Plaintiff has failed to state a viable Fourteenth Amendment claim on those grounds. This Court agrees that Plaintiff has failed to allege any facts indicating what evidence was fabricated, or what exculpatory evidence was omitted or concealed, in the probable cause affidavit underlying his arrest, and further has failed to provide any facts that might support a conclusion that any Defendant knew that the affidavit contained false statements or omitted or concealed evidence. *Halsey v. Pfeiffer*, 750 F.3d 273, 294 (3d Cir. 2014); *see also Black v.*

*Montgomery Cnty.*, 835 F.3d 358, 371 (3d Cir. 2016).

Moreover, because Plaintiff has failed to state a claim for any underlying constitutional violation, Judge Taylor also correctly concluded that Plaintiff's derivative claims for conspiracy, failure to intervene and municipal liability asserted in Counts 2, 3 and 4 of the second amended complaint also must be dismissed. *See, e.g., Black*, 835 F.3d at 371; *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002).

Lastly, the Court also agrees with Judge Taylor's recommendation that dismissal of Plaintiff's complaint should be without leave to amend, as amendment would be inequitable and futile. *See* 28 U.S.C. §1915; *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Amendment cannot cure Plaintiff's time-barred claims, and the amendment of Plaintiff's malicious prosecution claims, or any claim relating to the fabrication or concealment of evidence, would be futile, in light of the fact that Plaintiff already twice has been granted leave to amend and he has not been able to cure the previously identified deficiencies even after filing a second amended complaint.

As a final point, Judge Taylor, construing the complaint liberally, identified possible additional § 1983 claims asserted in the second amended complaint arising out of Plaintiff's 2020 arrest and conviction on multiple felony drug charges. Because Plaintiff's conviction and sentence currently are on direct appeal in the Pennsylvania Superior Court, Judge Taylor has recommended dismissal without prejudice of any possible claims Plaintiff may be attempting to raise which would attack the validity of his conviction or sentence for his 2020 arrest and conviction pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court likewise will adopt this recommendation for the reasons stated in the R&R.

Upon reasoned consideration of the record and the R&R, this Court is satisfied that Judge Taylor's analysis is sound and correct in all respects, and will accept in whole her findings and recommendations.

Accordingly, the following order is entered:

## ORDER OF COURT

AND NOW, this 7th day of March, 2024, pursuant to Federal Rule of Civil Procedure 12(b)(6), and, for the reasons set forth in Magistrate Judge Kezia O.L. Taylor's Report and Recommendation [Doc. 73], which hereby is adopted in whole as the opinion of the Court as supplemented herein, IT IS ORDERED that the motion to dismiss filed by Defendants Day, Moser and the City of Altoona [Doc. 49] hereby is **granted**; and,

IT FURTHER IS ORDERED that the motion to dismiss filed by Defendant Brandt [Doc. 58] hereby is **granted**; and,

IT FURTHER IS ORDERED that any § 1983 claim that Plaintiff may be attempting to assert in the second amended complaint [Doc. 44] against Defendants Day, Moser, the City of Altoona and/or Brandt stemming from Plaintiff's 2020 arrest and subsequent conviction on multiple felony drug charges, and for which a judgment in favor of Plaintiff would imply the invalidity of his conviction or sentence, hereby is **dismissed *without* prejudice** pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).  **All other claims** asserted in the second amended complaint against Defendants Day, Moser, the City of Altoona and Brandt hereby are **dismissed *with* prejudice** and without leave to amend.

Stephanie L. Haines
United States District Judge